# JUNE TERM, 1899.

---

HAWKINS *v.* COMMON COUNCIL OF VILLAGE OF LITCH-
FIELD.

1. VILLAGES—COMMON COUNCIL—RESOLUTIONS—REPEAL.
   A resolution of a village council stands until modified or re-
   pealed.

2. SAME—LIQUOR BONDS—APPROVAL.
   The arbitrary refusal of a village council to accept a liquor
   bond which complies with the terms of a resolution of the
   council then in force cannot be sustained under the power to
   suppress saloons, conferred upon it by Act No. 3, Pub. Acts
   1895, chap. 7, § 1, such power being exercisable only by ordi-
   nance.

3. SAME—MANDAMUS.
   A village council having in good faith, without passing on the
   sufficiency of the sureties, refused to accept a liquor bond,
   *mandamus* should merely require the council to examine into
   their sufficiency, and approve the bond if found sufficient.

*Certiorari* to Hillsdale; Chester, J.   Submitted June
6, 1899.   Decided June 8, 1899.

*Mandamus* by Jennie Hawkins to compel the common
council of the village of Litchfield to approve a liquor
bond.   From an order granting the writ, respondent
brings *certiorari*.   Modified and affirmed.

*Stone & Twiss*, for relator.

*Frankhauser & Cornell*, for respondent.

PER CURIAM.   The village of Litchfield was organized
under the general incorporation act for villages.   Act
No. 3, Pub. Acts 1895.   Under paragraph 7, § 1, chap.

7, power is conferred upon villages to, by ordinance, suppress saloons for the sale of spirituous and intoxicating liquors. At a regular meeting of the common council on October 5, 1896, the common council, by resolution, fixed the saloon bonds at $6,000, with three sureties. At a regular meeting held May 3, 1897, by resolution the bonds were reduced to $3,000, with two sureties. May 2, 1898, one liquor bond was presented and approved in the sum of $3,000. No resolution was passed that year nor since fixing the amount of the bond. Relator presented her bond in the sum of $3,000, with two sureties. The common council refused to accept the bond, and relator applied to the circuit court for the writ of *mandamus* to compel its approval. The circuit court granted the order, and respondent removed the matter to this court by the writ of *certiorari*.

A resolution of the common council stands until modified or repealed. A common council is a continuing body. The resolution of 1897, fixing the amount of such bonds at $3,000, remained in force until further action of the council was taken. None having been taken, it follows that the bond was in compliance with the law, provided the sureties were sufficient.

It is contended that the council may suppress saloons by refusing to accept the bond. We cannot concur in this view. The law contemplates some formal action upon the subject by ordinance, and not otherwise.

The action of the council appears to have been taken in good faith, and they have not passed upon the sufficiency of the sureties. We think the order of the circuit court, therefore, too broad. It will be modified so as to compel the common council to meet, examine into the sufficiency of the sureties, and approve the bond if found sufficient.